IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:04CV99-03-MU

| | |
|---|---|
| JAMES FRANKLIN MCCLELLAND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER BUSH et. al., )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** is before this Court on Defendants' Motion to Dismiss (document Number 10), Plaintiff's "Motion/Order Against Harassment, Etc., From Alexander Corr. Staff, et al.," (Document Number 9) and Plaintiff's "Motion to Oppose Harassment (Order to Show Cause and Temporary Restraining" (Document Number 16).

On July 29, 2004, Plaintiff filed a pro se Complaint pursuant to 42 U.S.C. §1983 alleging that on July 13, 2004 he was brutally assaulted by a fellow inmate at the Alexander Correctional Center; that such attack occurred despite the fact that Defendants knew or should have known that the inmate attacker was planning to assault the Plaintiff; and that such attack occurred in the presence of the Defendants who failed to take any action to prevent the attack or to stop it once it got underway. Plaintiff alleges that Defendants were deliberately indifferent to the risk of harm to which he was exposed, and to his right to be protected from violence.

On his form Complaint, in response to the question regarding the grievance procedure, Plaintiff wrote in that his grievance was entering the 3rd step. Plaintiff attached a copy of the grievance he filed regarding the events described in his Complaint. The grievance was dated June

17, 2004 and indicates that it was accepted on June 20, 2004 (Document Number 1.) Plaintiff filed his Complaint in this Court on July 29, 2004. On August 10, 2004, Plaintiff filed a verified statement stating that he filed a grievance on June 17, 2004 but that it is being withheld at the Institution. He stated that he made every attempt to exhaust all of his administrative remedies (Document Number 4.) On October 20, 2004 Defendants filed a Motion to Dismiss due to Plaintiff's failure to exhaust administrative remedies (Document Number 10.) According to the copy of the grievance, which was attached to Defendants' Motion to Dismiss as an exhibit, step one of the grievance process was not completed until September 10, 2004. On that same day, Plaintiff appealed to step two of the process, which was completed on September 28, 2004. On that date, Plaintiff signed the grievance form and checked the box indicating that he wanted to appeal and begin step three of the grievance process.[1]

On October 22, 2004, in response to Defendants' Motion to Dismiss, Plaintiff filed his "Memorandum of Law in Plaintiff's Opposition to Defendants' Motion to Dismiss and/or for Summary Judgment" (Document Number 12.) In his brief, Plaintiff argued that Defendants' motion failed to state a claim which entitled them to a dismissal, however, Plaintiff did not mention the grievance procedure. In an abundance of caution, this Court send Plaintiff a Roseboro notice of October 26, 2004. On November 1, 2004 Plaintiff filed a "Memorandum of Law in Plaintiff's Opposition to Defendants' Motion to Dismiss and/or for Summary Judgment" (Document Number 15) in which he reiterated his position as outlined in document number 12 and again stated that Defendants' Motion failed to state a claim which entitled them to a dismissal. Again, however, Plaintiff did not address the grievance procedure.

---

[1] As of the date of the filing of Defendants' Motion to Dismiss, step three of the grievance procedure had not been completed.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See <u>Anderson v. XYZ Correctional Heath Services</u>, 407 F.3d 674, 676-77 (4th Cir. 2005) citing <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. <u>Johnson v. Jones</u>, 340 F.3d 624 (8th Cir. 2003).

It is clear that at the time Plaintiff filed his Complaint, he had not exhausted his administrative remedies. Further, at the time Defendants filed the instant Motion to Dismiss, Plaintiff still had not fully exhausted his administrative remedies because as of that date, step three had not been completed. The PLRA requires that an inmate exhaust his administrative remedies before suing over prison conditions. When Plaintiff filed his Complaint he had not exhausted his administrative remedies. In response to this Court's <u>Roseboro</u> Order, Plaintiff did not address the grievance procedure at all. Because it is clear that Plaintiff had not exhausted his administrative remedies prior to filing his Complaint, Defendants' Motion to Dismiss is Granted.

**THEREFORE, IT IS HEREBY ORDERED** that:

1) Defendants' Motion to Dismiss is Granted;

2) Plaintiff's Complaint is Dismissed without Prejudice;

3) Plaintiff's Motion Against Harassment (Document Number 9) is denied as moot;

4) Plaintiff's Motion to Oppose Harassment (Document Number 16) is denied as moot.

**Signed: September 29, 2005**

Graham C. Mullen
Chief United States District Judge